**Baruch S. Gottesman**
Attorney and Counselor at Law

February 19, 2023

**Via ECF**
The Hon. District Judge Frederic Block
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Request for Pre-Motion Conference (Motion to Dismiss)
         Pearl Delta Funding LLC v. Illinois Collection Service Inc., et al.
         Case No. 2:23-cv-1153-FB

Judge Block:

**I.** **Introduction**

  I have the honor to represent **All Defendants** in the matter of Pearl Delta Funding LLC v. Illinois Collection Service Inc., et al., Case No. 2:23-cv-1153-FB. Pursuant to Rule 2(A) of Your Honor's Individual Practice Rules, this Letter respectfully **requests a pre-Motion Conference** on my client's anticipated **Motion to Dismiss the Complaint**.

**II.** **Procedural Background**

  The Verified Complaint was docketed before the New York Supreme Court for Nassau County on January 12, 2023 (DE 1-1). Plaintiff purported to serve all Defendants on January 28, 2023 (DE 1-2 through 1-8). Defendants timely filed their Notice of Removal on February 12, 2023, and now respectfully submit this Letter Request for a Pre-Motion Conference. Pursuant to this Court's Individual Practice Rules (2)(A) and the practices of this Court, this letter triggers F.R.C.P. Rule 12(a)(4) extending Defendants' period to serve an Answer. This Letter is also Notice in Writing of Defendants' intent to defend against the contract sued upon or set off on the ground that the contract is usurious pursuant to 805 ILCS 205/7.

**III.** **Argument**

  a. Introduction

  The Verified Complaint alleges that Plaintiff entered into a contract to purchase rights to some of Defendant Illinois Collection Service Inc.'s ("ICS") future receivables, Compl. ¶ 6. The Verified Complaint also alleges that a number of Illinois corporations and an individual resident in the Prairie State guaranteed repayment, Compl. ¶ 3-4, 9, *et passim*. The lawsuit's central claim is that the Defendants breached their respective contracts and guarantees and therefore the Plaintiff is entitled to about $175,000.00 in damages from the Defendants.

  While premature for this Motion to Dismiss, we will foreshadow the Defendants' case here. Under New York law, agreements to purchase future receivables *require* that they contain a mandatory reconciliation provision in the event of a material adverse change to the seller's cashflow, *See* LG Funding, LLC v. United Senior Props. Of Olathe, LLC, 181 A.D.3d 664,

666 (N.Y. App. Div. 2d Dep't 2020). ICS exercised that reconciliation provision without success. Defendants' position is that the Plaintiff's failure to reconcile breached the contract, violated New York and Illinois law, and proved that the agreement was usurious and invalid. Therefore, no funds are due to Plaintiff. Rather, Defendant ICS is entitled to repayment from Plaintiff.

The Defendants will also show at trial that the contract was marketed to Illinois Collections Service Inc. as a usurious loan, was a usurious loan under Illinois and New York law, and was never a "purchase of future receivables". The Agreement and Guaranty and all previous such contracts between the parties are void and unenforceable.

That said, in their Motion to Dismiss, the Defendants will assume the truth of plausible non-jurisdictional factual allegations in the Verified Complaint and address the Verified Complaint on its own terms. We outline the proposed argument here:

b.   What Documents Should be Considered on this Motion to Dismiss?

The Complaint notably and, perhaps, intentionally failed to include any of the documentation about the alleged purchase contract, the alleged Guaranties, the circumstances of their signing or any other documentary evidence to establish the causes of action. If the Plaintiff elects to Amend their Verified Complaint to include the full casefile here, this issue will be moot, but if not, the Motion to Dismiss will seek to introduce the relevant undisputed documentary evidence which are incorporated by reference in the Complaint and necessary to the claim. *See,* Faulker v. Beer, 463 F.3d 130, 135 (2d Cir. 2006); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) *citing* Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991); *and* Choi's Beer Shop, LLC v. PNC Merc. Servs. Co., L.P., Case No. 1:19-cv-5768, 2020 U.S.Dist. LEXIS 164636 at n.1 (E.D.N.Y. Sept. 9, 2020)(Block, D.J. Frederic) *vacated on other grounds*, 855 Fed.Appx. 20 (2d Cir. 2021).

The Amended Complaint must include (and that the Motion to Dismiss will introduce if not) the alleged purchase agreement and guaranties referred to and relied on in the claim; as well as documentary evidence about the alleged "block[ing of] access to the Account", which in fact was the exercise of the reconciliation provision by ICS.

c.   The Guarantors did not consent and are not subject to Jurisdiction here; and did not Guarantee the payment of the Purchased Amount

The Guaranty purports to incorporate *some* of the terms of the purchase agreement. The jurisdictional clause makes clear however, that "Merchant . . . submits to the jurisdiction of [New York] and waives any and all objections to jurisdiction or venue." Agreement at ¶ 4.5. In other words, while *some* terms and conditions were incorporated in the Guaranty, only the Merchant (ICS) waived and consented to jurisdiction in New York. The Guarantors did not. In the absence of such consent this Court cannot exercise jurisdiction over the Illinois Guarantors. *See* A.I. Trade Fin. v. Petra Bank, 989 F.2d 76, 81 (1993)(noting split in Appellate Division and predicting that the Court of Appeals would likely find a Guaranty to be "performing services" in New York sufficient to grant jurisdiction *if* it is a "financial guaranty payable in New York"). Plaintiff is in New Jersey and the guaranty was payable to them in New Jersey, not New York.

In addition, the Agreement provided for a limited Guaranty of ICS's obligations to make certain payments. The Agreement expressly provides that the Guarantors "are only guaranteeing their performance of this Revenue Purchase Agreement and *are not* guaranteeing the

payment of the Purchased Amount." (emphasis added).  To the extent that the Complaint seeks to hold the Guarantors to the purchased amount, it is outside the scope of the Guaranty.

In addition, under the agreement, Plaintiff cannot hold the Guarantors responsible for any obligation when the failure to make the remittances solely because of a change in the Merchant's financial condition.  An issue the Plaintiff does not dispute.  *See* Jeffrey J. Peabody Plumbing & Heating LLC, *et ano.* v. Pearl Delta Funding LLC, Case No. 1:22-cv-10365-MLW, ECF 16 at p.23, ll. 15-16 (D.Mass. March 24, 2022)("there's no right of Pearl . . . to foreclose on the security if the stream of revenue is insufficient.  Full stop.")

Therefore the claims against the Guarantors must be dismissed with prejudice.

d. The Plaintiff's failure to reconcile violated New York and Illinois law, breached and voided the contract, and
proves the agreement was usurious and invalid from the outset

The "blocked access" alleged in the Complaint was ICS's failed exercise of the mandatory reconciliation clause.  LG Funding, cited above, is the keystone case on this issue in the Second Appellate Division and it mandates a reconciliation provision in Merchant Cash Advance Agreements ("MCA").  The parties' agreement purports to contain such a clause.

But that's not what happened when ICS exercised it.

ICS exercised the reconciliation provision on October 3, 202.  Having done so, "[t]he Remittance *shall be* modified" (emphasis added).  Plaintiff's refused to do so.  That refusal breached the contract and violated the requirements for a Merchant Cash Advance ("MCA") to not be usurious.  It conclusively shows that all of Plaintiff's MCAs with ICS were invalid from the outset.  Therefore, there was no breach of contract because under New York law the contract is void as a usurious contract, and ICS is entitled to a repayment of all remittances made.

In addition, Illinois is much less forgiving than New York when lenders seek to "evade the [usury] statute under the guise of assessing charges for the use of the money and terming the charges something other than interest." Andrews v. Cramer, 256 Ill.App. 3d, 766, 770 (1st Dist.Ct.App. 1993) *citing* Saskill v. 4-B Acceptance, 117 Ill.App. 3d 336 (1st Dist.Ct.App. 1983).  The Complaint itself including the documents incorporated in it by reference conclusively establish a knowing violation of the usury statute.  That entitles ICS to at least "twice the total of all interest, discount and charges determined by the loan contract" and legal fees under 815 ILCS 205/6.  At the very least, Illinois law requires the dismissal of the Complaint with prejudice. \

e. Conclusion

For the reasons described above and further arguments to be presented in the Motion to Dismiss, the Defendants respectfully submit this pre-Motion Letter.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq

*Served via ECF on all appearing parties*