UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
PEARL DELTA FUNDING, LLC,

           Plaintiff,

-against-

ILLINOIS COLLECTION SERVICE, INC., DJC MANAGEMENT & CONSULTANTS, INC., PALM BEACH COLLECTION MANAGEMENT, INC., BUSINESS OFFICE SOLUTIONS, ICS COLLECTION SERVICE, INC., ICS, INC., and JOHN CRONIN,

           Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 2:23-cv-01153 (FB) (ST)

*Appearances*:
*For Plaintiff*:
CHRISTOPHER R. MURRAY
Murray Legal, PLLC
170 Old Country Rd., Suite 608
Mineola, NY 11501

*For Defendants*:
BARUCH S. GOTTESMAN
Gottesman Legal, PLLC
11 Broadway, Suite 615
New York, NY 10004

**BLOCK, Senior District Judge**:

    This breach of contract action was removed from the Supreme Court of New York, Nassau County, under diversity jurisdiction. Defendants now collectively move to dismiss for lack of personal jurisdiction and for failure to state a claim. For the following reasons, Defendants' motion is denied.

1

## I. BACKGROUND

The following facts are taken from the Complaint. For the purposes of this motion, the Court accepts them as true and draws all reasonable inferences in favor of Plaintiff. *See, e.g.*, *Acuti v. Authentic Brands Grp.*, 33 F.4th 131, 137 (2d Cir. 2022).

Plaintiff Pearl Delta Funding is a New York company that entered into a Revenue Purchase Agreement (the "RPA") with Defendant Illinois Collection Service, Inc. ("Illinois Collection"), to purchase rights to Illinois Collection's future receivables. Defendants DJC Management & Consultants, Inc., Palm Beach Collection Management, Inc., Business Office Solutions, ICS Collection Service, Inc., ICS, Inc., and John Cronin (collectively, "Guarantors"), guaranteed the RPA pursuant to a separate, security agreement (the "Security Agreement").[1]

In the RPA, Illinois Collection agreed to exclusively use one bank account (the "Account") to deposit its receipts. Plaintiff would make periodic withdrawals from the Account until it received $399,800.00. Illinois Collection would be in default if it: (1) used a bank account other than the Account or closed the Account;

---

[1] The RPA and the Security Agreement are incorporated into the Complaint by reference. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

(2) failed to give Plaintiff notice that the Account had insufficient funds for a withdrawal; or (3) prevented Plaintiff from making any withdrawal. Clause 1.4 of the RPA contains a reconciliation provision (the "Reconciliation Clause"), which allows Illinois Collection to request a decrease in the withdrawal amount:

> If an Event of Default has not occurred, every two (2) calendar weeks after the funding of the Purchase Price to Merchant, Merchant may give notice to Purchaser to request a decrease in the Remittance. The amount shall be decreased if the amount received by Purchaser was more than the Purchased Percentage of all revenue of Merchant since the date of this Revenue Purchase Agreement. The Remittance shall be modified to more closely reflect the Merchant's actual receipts by multiplying the Merchant's actual receipts by the Purchased Percentage divided by the number of business days in the previous (2) calendar weeks.
>
> RPA ¶ 1.4.

On October 4, 2022, Illinois Collection blocked Plaintiff's access to the Account, preventing Plaintiff from making a withdrawal.

## II.   ANALYSIS

### a. Personal Jurisdiction

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a plaintiff "need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N.A., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Before the discovery phase, a plaintiff may support their prima facie showing by relying on

3

the complaint's allegations, affidavits, and other supporting evidence. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

As both parties agree, a contract to pay a guaranty in New York is sufficient to establish jurisdiction under New York's long-arm statute. *See A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 81 (2d Cir. 1993) (holding that a guaranty payable in New York "is a contract to provide a service in New York" under C.P.L.R. § 302). And Plaintiff would be entitled to payment in New York, at its principal place of business. The Guarantors' act of signing the Guarantee Agreement is also sufficient to establish minimum contacts, and Defendants have made no showing that exercising jurisdiction would be unreasonable. *See id.* at 82-83. In sum, Plaintiff has satisfactorily shown that the Court has specific jurisdiction.

b. **Failure to State a Claim**

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements" of a claim. *Id.* at 681. A court may decide an affirmative defense on a motion to dismiss "if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

Defendants argue that the RPA is unenforceable because it was a usurious loan. According to Defendants, because they properly complied with the Reconciliation Clause, Plaintiff's lawsuit shows that the Reconciliation Clause was "bogus," and the RPA usurious under *LG Funding, LLC v. United Senior Properties of Olathe, LLC*, 122 N.Y.S.3d 309, 312-13 (2d Dep't 2020).[2] Plaintiff responds that Defendants did not properly comply with the Reconciliation Clause.

To determine whether a transaction constitutes a usurious loan, a court must examine whether the plaintiff is "absolutely entitled to repayment under all circumstances." *Id.* at 312. Courts will typically weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a

---

[2] Defendants hedge that the RPA would be invalid under Illinois law too. This argument is academic because Clause 4.5 of the RPA specifies that New York law will govern any dispute. RPA ¶ 4.5.

5

reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *Id.*

The RPA's Reconciliation Clause is not the type of illusory arrangement considered in *LG Funding*, where the withdrawing party could adjust the amount of payments "at its sole discretion and as it deems appropriate." *Id.* (emphasis omitted). This Reconciliation Clause grants the withdrawing party no such discretion and instead provides for a mandatory decrease in the withdrawal amount if certain other conditions are met.

Defendants seem to concede this and argue in their Reply that the "actions of the Plaintiff post-exercise [of the Reconciliation Clause] show that the [RPA] is usurious." Reply in Supp. of Mot. to Dismiss 5 (emphasis omitted). Notwithstanding that Defendants point to no authority to show that the improper exercise of a Reconciliation Clause means that the clause was "bogus," whether or not Defendants exercised the Reconciliation Clause correctly is a question of fact that the Court cannot determine on a motion to dismiss. *See, e.g., Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008) (identifying "factual issue, which []

would be inappropriate to resolve in dismissing an action under Rule 12(b)(6)") (citing *Twombly*, 550 U.S. at 555-56).[3]

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) is denied.

**SO ORDERED.**

                                                                               _/S/ Frederic Block_____
                                                                               FREDERIC BLOCK
                                                                               Senior United States District Judge

Brooklyn, New York
November 17, 2023

---

[3] Defendants also argue that the Plaintiff's alleged failure to follow the Reconciliation Clause bars them from bringing this lawsuit because they do so with unclean hands. But the doctrine of unclean hands applies when parties seek equitable relief, not damages. *See PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004).